IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2020

**RODRICCUS FUNZIE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 12-01930      Jennifer Johnson Mitchell, Judge**

_____

**No. W2019-01491-CCA-R3-PC**
_____

The Petitioner, Rodriccus Funzie, was convicted by a Shelby County jury of first degree premeditated murder. Over a year after this court affirmed his conviction, the Petitioner filed a petition for post-conviction relief. The post-conviction court subsequently denied the petition on its merits. Following our review of the record and relevant law, we conclude the petition was untimely, and, therefore, this court is without jurisdiction to consider this appeal. Accordingly, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Joseph A. McClusky, Memphis, Tennessee, for the appellant, Rodriccus Funzie.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**Facts**

This case arises from the shooting death of the victim, Antuan Farris, at the barber shop where he worked. The Petitioner and his co-defendant, Travis Boyd, were jointly indicted and tried for first degree murder based upon their participation in the shooting. The co-defendant was identified as the shooter, and the State proceeded upon the theory of criminal responsibility as to the Petitioner's presence and participation in the shooting. The jury convicted the Petitioner and his co-defendant, and the trial court imposed a mandatory sentence of life in prison. The Petitioner appealed his conviction, challenging the sufficiency of the convicting evidence and the trial court's admission of recorded jail

conversations and two witnesses' statements as substantive evidence. On December 23, 2015, this court affirmed the Defendant's conviction. *See State v. Travis Boyd and Rodriccus Funzie*, No. W2014-00676-CCA-R3-CD, 2015 WL 9426143, at *1 (Tenn. Crim. App., at Jackson, Dec. 23, 2015), *no Tenn. R. App. 11 application filed*. The Petitioner did not file a Rule 11 application for permission to appeal.

On February 13, 2017, the Petitioner filed a petition for post-conviction relief, more than a year after this court's final decision, the highest appellate court from which the Petitioner sought relief. At the post-conviction hearing, the State argued that the petition was untimely; however, the post-conviction court elected to hear proof. The Petitioner's trial counsel ("Counsel") was deceased at the time of the post-conviction hearing, so the Petitioner provided the sole testimony. As it relates to this appeal, the Petitioner alleged that Counsel's failure to argue a motion to sever constituted deficient performance and that he was prejudiced by Counsel's failure to do so. He testified that he had asked Counsel to file a severance motion because "there wasn't proof against [him]." He explained that he believed there was more evidence against his co-defendant and that none of the State witnesses had identified him as the shooter. He agreed that Counsel had filed a motion to sever but chose not to argue the motion. The Petitioner denied that Counsel ever discussed with him the benefits of a joint trial in light of the fact that the "proof was weighted against [the co-defendant]," allowing for an argument that the Petitioner's culpability was limited.

The post-conviction court issued an order denying post-conviction relief.

Petitioner alleges that trial counsel's failure to sever Petitioner's trial from that of his co-defendant's was ineffective assistance of counsel because, Petitioner asserts, 90% of the evidence was against Petitioner's co-defendant. Post. Con. Hr'g 45:11-18. As a result, Petitioner claims that he was prejudiced because if he had a separate trial much of the evidence presented against his co-defendant would not have been presented at a separate trial against Petitioner. However, trial counsel did file a pre-trial motion for severance and therefore did not fall below the range of competence demanded of attorneys in criminal cases. See Ex. 1.

Nevertheless, Petitioner argues that trial counsel was ineffective because trial counsel did not orally argue the motion for severance at trial and did not seek severance based on fair determination of guilt. *See* Tenn. R. Crim. P. Rule 14(c)(2)(A) (stating that a court shall grant severance if the court finds a severance appropriate to promote a fair determination of the guilt or innocence of one or more defendants). Because of trial counsel's absence, the court cannot know why trial counsel did not continue to seek severance and, instead, chose to go to trial with

- 2 -

Petitioner's co-defendant. Trial counsel may have had a strategic reason for going forward with one trial rather than continuing to try to sever the trials. The court should not "second-guess" tactical and strategic decisions concerning defense matters. *Henley,* 960 S.W.2d at 579. "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *Bennett v. State*, No. M2004-02640-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 1113, at 21 (Crim. App. Oct. 11, 2005). In going forward to trial with Petitioner's co-defendant, trial counsel did not fall below an objective standard of reasonableness.

Moreover, under Tenn. R. Crim. P. 8(c)(1), defendants may be joined in the same indictment "if each of the defendants is charged with accountability for each offense included." Even if trial counsel had filed a motion for severance under Tenn. R. Crim. P. Rule 14(c)(2)(A), the trial court most likely would have denied the motion because Petitioner was being held accountable for his co-defendant's offense under a theory of criminal responsibility. Having a joint trial did not affect Petitioner's ability to have a fair determination of his guilt because the same evidence at the joint trial would have been presented at a separate trial. *See State v. Little*, 854 S.W.2d 643, 648 (Tenn. Crim. App. 1992) (stating that "a severance need not be granted where the evidence which was introduced could have been admitted against him in a separate trial").

Additionally, even though trial counsel did not successfully sever the Petitioner's trial from that of his co-defendant's, Petitioner was not prejudiced by this failure. Petitioner's assertion that much of the evidence that was introduced against his co-defendant would not have been introduced against him if he had a separate trial is erroneous. Petitioner was convicted with first degree murder under a theory of criminal responsibility. A person is criminally responsible for an offense committed by the conduct of another, if:

> (1) Acting with the culpability required for the offense, the person causes or aids an innocent or irresponsible person to engage in conduct prohibited by the definition of the offense;

> (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense.

Tenn. Code Ann. § 39-11-402. Under this theory, to show that Petitioner was criminally responsible for the crime in this case, the state needed to prove both the Petitioner's and the codefendant's intent. Because [P]etitioner and his co-defendant were charged with first degree murder, to prove that Petitioner was criminally responsible, the state needed to show that [the codefendant] intended to commit the murder and that the Petitioner intended to aid [the codefendant] in the commission of this crime. Even if Petitioner had a separate trial, much of the evidence that was presented against [the codefendant] would have been presented at Petitioner's trial to establish Petitioner's criminal responsibility. To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. *Strickland*, 466 U.S. at 695. Because a jury at a separate trial would have been presented with the same evidence, it is likely that a jury would have still found Petitioner guilty. As such, Petitioner has failed to show that, absent trial counsel's deficiency, there was a reasonable probability that the evidence against [the codefendant] would not have been presented against Petitioner and that the result would have been different.

This appeal followed.

## Analysis

The Petitioner alleges Counsel provided ineffective assistance because Counsel failed to pursue the motion to sever. The State argues that the petition was untimely filed. Following our review, we conclude that, although the post-conviction court thoroughly considered and analyzed the Petitioner's claims, the petition for post-conviction relief was untimely; therefore, the post-conviction court did not have jurisdiction to consider the petition nor do we. Accordingly, we dismiss the Petitioner's appeal.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. T.C.A. § 40-30-102(a) (2018). "Time is of the essence of the right to file a petition for post-conviction relief." *Id*. Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id*. Tennessee Code Annotated section 40-30-102 subpart (b) states that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period" and then sets out the following three exceptions to this rule:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). In addition, the Tennessee Supreme Court has held the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992)).

The post-conviction court denied the State's motion to dismiss based upon timeliness stating "we know that our Supreme Court has said that the filing requirements are relaxed in situations like that." There is no written order or further discussion to expound on the court's reasoning. The Petitioner does not address the issue in his brief and filed no reply brief in response to the State's argument with regard to timeliness.

This case does not fall within the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b) that allow for the filing of a petition for post-conviction relief outside the one-year statute of limitations, and our review of the record does not show that the Petitioner was "denied the reasonable opportunity to assert a claim in a meaningful time and manner." *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000).

The Petitioner had one year from "the date of the final action of the highest state appellate court to which an appeal is taken" to file his petition for post-conviction relief. T.C.A. § 40-30-102(a). This court filed its opinion on December 23, 2015. Therefore, the Petitioner had until December 23, 2016, to file his petition for post-conviction relief,

yet he waited until February 13, 2017, to seek relief. The petition was untimely. Accordingly, we conclude that the petition for post-conviction relief should be dismissed as time-barred, and we have no jurisdiction to review the merits of the Petitioner's claims. *See Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *3 (Tenn. Crim. App., at Knoxville, Mar. 21, 2013), *perm. app. denied* (Tenn. Aug. 14. 2013).

**Conclusion**

Based on the foregoing authorities and reasoning, we conclude that the petition is barred by the one-year statute of limitations for filing a petition for post-conviction relief and dismiss the appeal.

_____

ROBERT W. WEDEMEYER, JUDGE